ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 FEB 12 PM 4:55

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ALONZO HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-096 |
| | ) | |
| DEPARTMENT OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which no objections have been properly filed.[1] Rather, a document titled "Objection" was filed by an inmate claiming to act on Plaintiff's behalf. (Doc. no. 11.) While this inmate claims to have been providing legal assistance to Plaintiff, he has not shown that he is attorney authorized to practice in this Court; as a result, he may not act as Plaintiff's legal representative in this case. See Loc. R. 83.1-83.4. Moreover, while Federal Rule of Civil Procedure 11(a) and Local Rule 11.1 require that *pro se* litigants sign all filings with this Court, the "Objection" was signed only by the inmate providing legal assistance, not by Plaintiff. Finally, Local Rule 72.3 provides

---

[1] Plaintiff submitted a filing titled "Notice of Failure to Notify," in which he contended that he did not receive a service copy of the R&R. (Doc. no. 9.) Accordingly, the Magistrate Judge directed the Clerk to re-serve the R&R and extended the time for Plaintiff to file objections through January 22, 2013. (Doc. no. 10.) The instant filing was timely submitted within this extended period.

that only parties to the case may file objections to a Magistrate Judge's R&R, and the inmate providing legal assistance is not a party to this case. For these reasons, the Court concludes that no objections have been properly filed in this case.

In any event, even if they had been properly filed, the objections are meritless and provide no basis for departing from the conclusion in the R&R. The Magistrate Judge recommended the case be dismissed without prejudice because Plaintiff abused the judicial process by providing false information about his filing history. (Doc. no. 7.) In particular, the Magistrate Judge found that Plaintiff only disclosed one prior case he had filed in federal court, when the Magistrate Judge was aware of at least two. (Id. at 2-3.) The inmate providing legal assistance alleges that he was responsible for the failure to disclose the prior case because he was not aware of it, and that it was not Plaintiff's nor his intent to "give false information or provide false statements to the Courts." (Doc. no. 11, p. 2.)

Regardless of the reasons for failing to disclose the prior case, however, it was *Plaintiff* who signed the complaint, including the false information about his filing history, and who, by doing so, declared the truth of the contents of the complaint under penalty of perjury.[2] (See doc. no. 1, p. 10.) Thus, Plaintiff clearly provided false information about his filing history, and the Court cannot tolerate such abuse of the judicial process. See Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998) (emphasizing seriousness of abuse of judicial

---

[2]The Court is aware that the inmate providing legal assistance alleges that Plaintiff is illiterate and has "mental health issues." (Doc. no. 11, p. 2.) Notably, however, Plaintiff signed every filing submitted under his name in this case until the instant objections. (See doc. no. 1, pp. 10, 11; doc. no. 2, p. 2; doc. no. 4; doc. no. 9, p. 1.) Accordingly, the Court is not persuaded by these unsubstantiated allegations, particularly as they come from someone not authorized to act as Plaintiff's legal representative in this case and have not been verified or authenticated by Plaintiff himself.

2

process that occurs when litigant lies about the existence of a prior lawsuit), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, this case is **DISMISSED** without prejudice as a sanction for abuse of the judicial process, and this civil action is **CLOSED**.

SO ORDERED this 12 day of February, 2013, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE